Battle, J.
This is an application to me for a writ of habeas jcorpus founded upon the allegation that the petitioner, having been, liable to -perforin military service, had heretofore put a substitute in the army of the. Confederate-States to serve in his, stead fdl’ three years or the war.. He contends that the late act of Congress, under the authority of‘which he has been again* enrolled and taken into custody, is unconstitutional and void.
A grave question is a# once presented whether I am not prohibited from issuing the writ. An act was passed at the late 'session of Congress, entitled an “ Act t(^sus'pend the privilege of tlie writ of habeas corpus in certain cases.” This act was .passed under the authority of a power conferred upon Congress for the purpose, and its constitutionality cannot be doubted. It is binding upon all the Judges, both of the Confederate and the State Courts, and they are not at liberty to issue -the writ, or, if issued, to proceed under it, in any of the cases specified in the *151 act. These cases are clearly defined and classified in the first section, and among them is a class marked, with the number 5. The question before me arises upon the specification in that class “.of attempts to avoid military service.”- Are not persens who are claimed as conscripts,, or as otherwise liable to military service, and who apply for a writ of habeas corpus for the purpose of thereby getting exempted from it, making attempts to avoid it ? To my mind it seems clear that they are. They aré certainly within the letter of the clause, and why are • they not within its spirit? • To this it,is said that the act wast intended to apply only tothojje who, being liable to perform military duty, were unlawfully attempting to evade it, and not to those who seek the benefit of the writ for the sole purpose of establishing their claim to exemption from such duty. That cannot be so. Such a restricted construction of the act would tend strongly to defeat the great purposes it was intended to accomplish. It could not, in the terms of the Constitution, be passed at all unless the country were invaded or in rebellion. The salvation of tho country is the object sought, anu the framers of the Constitution; who authorized the act of suspension, and the legislators who passed it, deemed that object sh trans-cendency great, that, for-the time, all individual rights íyhich conflicted with it ought to give way to it. . The spirit, then, as well as the letter of the clause, must embrace all persons, without any exception, who are making u attempts to avoid military service.” But if the words, upon which we are commenting admitted of any doubt, it is entirely removed by the proviso which immediately follows them. In.that proviso a clear, definite and pfe*. cise remedy is given to* any party who does not legally “ owe military service.” If any such pers'on be wronged by a subordinate .officer, "his superior shall give prompt redress to the injured party, and at the same time punish the wrongdoer by dismissing him from- office.. Why is *152 this prompt redress thus expressly provided for a party not liable to military service, unless it was because the great remedial writ of habeas corpus is taken away from ■him ?
I am aware that in the cases of Walton'and .'others lately decided by Chief Justice Pearson at Salisbury, he held that the act suspending the writ of habeas corpus did not apply to them ; but why he so held, I regret that I am not informed. The question is now presented to mo, and I.cannot avoid deciding it. If, im my opinion, I have no authority to issue the writ, I cannot stand justified before the country should I do it.
In deliberating upon the subject, another question occurred to me, which is :' whether I ought to issue the writ and await the return of the officer before deciding upon the effect of the act. or to decide that question now. The 3d section of the act may at first view, seem to favor the former course. That section provides for the stay of the proceeding under the writ, when the officer, who has a party in custody, shall .certify on oath that he detains him for any of the causes specified in. the act. The true construction' is, I think, that when the petition itself shows the cause of the detention, and it is one of those mentioned in the act, tlie Judge cannot issue the writ at all ; but if such cause be not stated in the petition then the writ must be issued; and the proceedings under it can only bo suspended upon :ts being made to appear by the affidavit of the officer,- that the true cause of the detention is one of those embraced in the act.
I have'thus endeavored briefly and plainly, to set forth ¿he reasons why I feel bound to decline issuing the writ of habeas corpus applied for in this case.
Chapel Hill, Eeb. 29th, 1864.